# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICKELSEN, et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>ARAMARK SPORTS &<br>ENTERTAINMENT SERVICES,<br><br>                     Defendant,<br><br>and,<br><br>IN THE MATTER OF COMPLAINT OF<br>SUMMER PARADISE, INC., et al.,<br><br>      Petitioners. | **MEMORDANDUM DECISION AND ORDER GRANTING MOTION TO REOPEN FACT DISCOVERY TO DISCOVER PLAINTIFFS' NEWLY DISCLOSED LIABILITY THEORY**<br><br>Lead Case No. 4:18-cv-00072-DN-PK<br><br>Member Case No. 2:18-cv-00158<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This action arises out of an explosion on a houseboat at Lake Powell in July 2017 which killed one occupant and injured several others. Plaintiffs allege in their Complaint[1] the explosion was caused by a damaged port-side fuel spill line.[2] Plaintiffs allege that Defendant Aramark Sports and Entertainment Services, LLC dba Lake Powell Resorts and Marinas ("LPRM") knew about, or should have known about, the damaged fuel spill line, and failed to alert Plaintiffs of the damage or make necessary repairs.[3]

Fact discovery closed on October 31, 2019.[4]

---

[1] Complaint for Negligence Resulting in Personal Injuries and Monetary Damage, docket no. 2, dated Oct. 25, 2018.

[2] *Id*. at ¶ 8.

[3] *Id*. at ¶¶ 14-15.

[4] Scheduling Order, docket no. 30, filed March 7, 2019.

On December 4, 2019, Plaintiffs made expert disclosures in which negligence and causation issues were raised for the first time with respect to work that LPRM allegedly performed on the houseboat in 2010 relating to an access panel cut and the fuel overspill pan.[5] Plaintiffs had not previously alleged, either in the Complaint or in response to LPRM's discovery requests, that the explosion may have been caused by issues relating to the access panel cut.[6]

LPRM now seeks in its Motion to Reopen Fact Discovery to Discover Plaintiffs' Newly Disclosed Liability Theory ("Motion")[7] to reopen fact discovery for the limited purpose of taking discovery on issues surrounding the access panel cut. For the reasons stated below, the Motion is GRANTED.

## DISCUSSION

The Tenth Circuit has identified six factors to be considered in determining whether to reopen discovery after closure of the fact discovery period: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."[8]

Applying these factors to the present case, the Court finds that fact discovery in this action should be reopened.

---

[5] Declaration of Katherine Venti, ¶ 13-14, docket no. 46-1, filed March 3, 2020.

[6] *Id*.

[7] Docket no. 46, filed March 3, 2020.

[8] *Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987).

### Trial is not imminent

Trial is currently set for September 21, 2020.[9] That date is likely to be postponed in view of the parties' recent motions to extend the case schedule.[10] With or without a later trial date, trial is not imminent. This factor accordingly weighs in favor of reopening discovery.

### The request is opposed

Plaintiffs oppose reopening of fact discovery.[11] This factor weighs in favor of not reopening discovery.

### Plaintiffs will not suffer any significant prejudice

Plaintiffs contend they will be prejudiced if discovery is reopened because they will incur additional litigation costs and expenses.[12] However, LPRM only seeks a limited reopening of discovery, and Plaintiffs have not made any showing that the additional costs will be unreasonable. "[E]xpense alone is usually not enough to show prejudice."[13]

Plaintiffs further argue they will be prejudiced because they have already started preparing for trial, and reopening discovery will necessitate a postponement of the trial date.[14] The trial date is still five months away. There is no evidence that Plaintiffs' trial planning cannot be adjusted to accommodate a later trial date, or that making such adjustments would cause any prejudice beyond mere inconvenience.

---

[9] Scheduling Order, docket no. 30, filed March 7, 2019.

[10] Plaintiffs' Opposed Motion to Amend Scheduling Order, docket no. 45, filed February 28, 2020; Motion to Continue Existing Deadlines Until LPRM's Motion to Reopen Fact Discovery is Determined, docket no. 61, filed March 28, 2020.

[11] Plaintiffs' Response to Aramark's Motion to Reopen Discovery, docket no. 50, filed March 10, 2020.

[12] *Id*. at 8-9.

[13] *Vitamins Online, Inc. v. Heartwise, Inc.*, case no. 2:13-cv-009820-DAK-PMW, 2016 WL 1305144 at *5 (D. Utah March 31, 2016).

[14] *Id*.

Plaintiffs further argue they will be prejudiced because their litigation strategy may have been different had they known the access panel work was at issue.[15] Plaintiffs, however, have not provided any specific examples of how their litigation strategy will be prejudiced if discovery is reopened. This factor weighs in favor of reopening discovery.

### LPRM has been diligent in obtaining discovery

Plaintiffs argue that LPRM knew about the access panel cut prior to the close of fact discovery, and had ample opportunity to take discovery.[16] While LPRM likely did know about the access panel cut during the discovery period due to its experts' examinations of the houseboat, there is a significant difference between knowing about the existence of the access panel cut, and knowing that the access panel cut is an alleged cause of the explosion and a potential basis of liability that will be pursued by Plaintiffs. LPRM may have known the former during the discovery period, but there is no evidence it knew the latter before receiving Plaintiffs' December 4 expert disclosures, after the close of fact discovery. LPRM could not reasonably have been expected to focus discovery efforts on the access panel cut when Plaintiffs had not identified it as an alleged cause of the explosion in their discovery responses.[17]

Apart from discovery relating to the access panel issue, there is no argument or evidence that LPRM was not diligent during the discovery period. This factor weighs in favor of reopening discovery.

### The need for additional discovery was not foreseeable

LPRM could not have reasonably foreseen that Plaintiffs would add a new theory of causation after the close of fact discovery. LPRM reasonably relied on Plaintiffs' discovery

---

[15] *Id*. at 9.

[16] *Id*. at 3-5; 9.

[17] Declaration of Katherine Venti, ¶ 10, docket no. 46-1, filed March 3, 2020.

responses, which did not identify the access panel issue as a potential cause of the explosion.[18] This factor weighs in favor of reopening discovery.

### The additional discovery will likely lead to relevant evidence

It is likely the additional discovery requested by LPRM will lead to relevant evidence. LPRM intends to, among other things, take the depositions of individuals who worked on, managed, or operated the houseboat in or around 2010.[19] Such evidence is likely to be relevant to the question of whether LPRM is liable for damages caused by the 2010 access panel work. It is noted that LPRM disputes that it performed the 2010 access panel cut.[20] Deposing individuals with knowledge of the access panel work will likely produce relevant evidence on that important issue. This factor weighs in favor of reopening discovery.

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the Motion is GRANTED. Fact discovery is reopened for 60 days from the date of this Order, limited in scope to Plaintiffs' allegation that the access panel cut performed on the houseboat in 2010 caused or contributed to the 2017 explosion.

Signed: April 2, 2020.

BY THE COURT:

_____
Paul Kohler
United States Magistrate Judge

---

[18] *Id*.

[19] Motion at 2-3; 10, docket no. 46, filed March 3, 2020.

[20] Declaration of Katherine Venti, ¶ 15, docket no. 15, filed March 3, 2020.