IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STACY MICKELSEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARAMARK SPORTS & ENTERTAINMENT SERVICES,<br><br>Defendant,<br><br>and,<br><br>IN THE MATTER OF COMPLAINT OF SUMMER PARADISE, INC., et al.,<br><br>Petitioners. | **MEMORDANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO REOPEN FACT DISCOVERY TO PERMIT EXPERT TESTING OF EVIDENCE**<br><br>Lead Case No. 4:18-cv-00072-DN-PK<br><br>Member Case No. 2:18-cv-00158<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This action arises out of an explosion on a houseboat at Lake Powell in July 2017 which killed one occupant and injured several others. The explosion is alleged to have been caused by gasoline vapors in the engine compartment.[1] An inspection of the houseboat after the accident revealed that the drain line from the fuel drain pan to the hull had become disconnected from the hull and was in the engine compartment.[2] The parties dispute whether the displacement of the drain line was caused by the explosion, or a prior accident in which the houseboat scraped up against another object.[3]

---

[1] Plaintiffs' Motion to Reopen Fact Discovery to Permit Expert Testing of Evidence (Motion) at 3, docket no. 105, filed May 12, 2020.

[2] *Id*.

[3] *Id.* at 1.

Defendant Aramark Sports and Entertainment Services, LLC dba Lake Powell Resorts and Marinas ("LPRM") has asserted in an expert report that the drain line was wedged in the hull at the time of the accident as evidenced by, among other things, the presence of calcium deposits on the fittings that secured the drain line to the hull.[4]

Plaintiffs need to run additional tests on certain houseboat components to rebut that assertion. Inasmuch as fact discovery in this case closed on October 31, 2019, Plaintiffs have moved to reopen discovery for the limited purpose of running non-destructive tests on several houseboat components (the "Motion").[5]

For the reasons stated below, the Motion is GRANTED.

## DISCUSSION

The Tenth Circuit has identified six factors to be considered in determining whether to reopen discovery after closure of the fact discovery period: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."[6]

### Trial is not imminent

Trial is currently set for March 16, 2021.[7] Trial is not imminent. This factor accordingly weighs in favor of reopening discovery.

---

[4] *Id*. at 2.

[5] *Id.* at 10.

[6] *Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987).

[7] Amended Order Granting Motion to Continue Existing Deadlines Until LPRM's Motion to Reopen Fact Discovery is Determined, docket no. 88, filed April 15, 2020.

### The request is opposed

LPRM opposes reopening fact discovery.[8] This factor weighs in favor of not reopening discovery.

### LPRM will not suffer any significant prejudice

LPRM contends it will be prejudiced if discovery is reopened because it will incur additional litigation costs and expenses.[9] However, Plaintiffs only seek a limited reopening of discovery, and LPRM has not made any showing that the additional costs will be unreasonable. "[E]xpense alone is usually not enough to show prejudice."[10] Nor has LPRM shown that the COVID-19 restrictions currently in place around the country make travel impossible or prohibitively unsafe for its experts, or that remote attendance options are unworkable.

LPRM objects to Plaintiffs' use of a new expert, a metallurgist, in connection with the requested testing. LPRM, however, has already disclosed a metallurgist as an expert witness who will presumably be available to rebut, if necessary, the opinions expressed by Plaintffs' metallurgist.[11]

This factor weighs in favor of reopening discovery.

### Diligence and Foreseeability

LPRM argues that Plaintiffs had the opportunity to perform the requested testing before the close of fact discovery, and should have foreseen the need for the testing.[12] Plaintiffs respond

---

[8] LPRM's Opposition to Plaintiffs' Motion to Reopen Fact Discovery to Permit Expert Testing of Evidence (Opposition Memorandum), docket no. 110, filed May 22, 2020.

[9] *Id*. at 9.

[10] *Vitamins Online, Inc. v. Heartwise, Inc.*, case no. 2:13-cv-009820-DAK-PMW, 2016 WL 1305144 at *5 (D. Utah March 31, 2016).

[11] Opposition Memorandum at 9.

[12] *Id.* at 7-8.

that the need for the requested testing was not foreseeable prior to LPRM's expert report produced in December 2019, in which LPRM first took the position that the drain line was not displaced prior to the explosion.[13] While it is conceivable that Plaintiffs might have recognized the need for the requested testing prior to the close of fact discovery, it is also conceivable that the need was not reasonably foreseeable based on LPRM's limited SEM/EDS testing of houseboat components during the discovery period.[14]

Based on Plaintiffs' overall diligence in obtaining discovery in this case, this factor weighs in favor of reopening discovery.[15]

### The additional discovery will likely lead to relevant evidence

It is likely the additional discovery requested by Plaintiffs will lead to relevant evidence. Plaintiffs proposal is to test several houseboat components for mineral deposits. The results of that testing are likely to be relevant to LPRM's argument that the drain line was displaced prior to the explosion.[16]

LPRM argues that the requested testing will not yield scientifically accurate results due to the fact that some of the components to be tested have previously been subjected to destructive testing,[17] but the reliability of the test results can be challenged and impeached by LPRM at the appropriate time. Furthermore, not all of the components to be tested have been subjected to destructive testing.[18]

This factor weighs in favor of reopening discovery.

---

[13] Motion at 9.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 10.

[17] *Id.* at 9.

[18] *Id.*

**ORDER**

Based on an evaluation of the above factors, IT IS HEREBY ORDERED that the Motion is GRANTED. Fact discovery is reopened for the limited purpose of allowing Plaintiffs' experts to perform non-destructive SEM/EDS testing of the hull section, drain hose clamp, drain hose star washer, tank vent clamp, tank vent fitting, tank vent nut, tank vent star washer, and fume detector in early June at AIEG's facility, at a time that allows for LPRM's experts to attend and participate in the testing in-person, should they choose to do so. The testing protocol shall include the following:

> (a) Detailed color photographs of the fuel vapor detector, drain hose clamp, star washer, tank vent fitting, tank vent hose clamp, tank vent nut, tank vent star washer from both the failed fitting and the adjacent non-failed fitting from the hull;
>
> (b) High resolution video of all handling and examination of the fuel vapor detector;
>
> (c) SEM/EDS testing of the fuel vapor detector, drain hose clamp, star washer, tank vent fitting, tank vent hose clamp, tank vent nut, tank vent star washer from both the failed fitting and the adjacent non-failed fitting to the hull;
>
> (d) EDS color dot map for calcium (Ca) in selected areas for the same acquisition time, and same SEM/EDS analysis conditions, for the fuel vapor detector and for both the failed and nonfailed fittings.

Plaintiffs will bear the costs associated with accessing the AEGI laboratory for the testing.

Plaintiffs will make the inspection available by remote attendance including real-time shared screen displays and will produce any SEM/EDS images and data.

To accommodate the testing, the time for Plaintiffs to file their counter rebuttal report(s) is extended to June 30, 2020. The time for LPRM to file its rebuttal report is extended to August 10, 2020. If LPRM believes it needs additional time to produce rebuttal reports, it may file a motion for an extension of time.

Signed June 5, 2020.

                                    BY THE COURT

                                    _____
                                    Paul Kohler
                                    United States Magistrate Judge